Anderson, J.
In the petition for the writ of error the plaintiff in error says: “ This cause has already *520 been before the supreme court, and the facts are in no respect different from those presented at the former hearing.” It is also said that the only questions presented on the record are—first, whether the secretary had the power to waive an admitted forfeiture ? and, second, whether in point of fact he did so waive the forfeiture ?
I cannot find from the record that the forfeiture is anywhere admitted. The policy had been cancelled by the company for the supposed non-payment of the July, 1874, quarterly premium. But when the assistant secretary was satisfied that the premium was paid to the company’s agent, who had failed to account for it, he admitted that the cancellation was wrong, and that the assured had not incurred a forfeiture. At the former hearing (only four judges sitting) the court was equally divided upon the question of forfeiture. T beg to refer to my opinion (29 Gratt. 364) for the grounds upon which I held that the plaintiff below had not incurred a forfeiture.
Whether he had or not, turned mainly on the question, whether, if the company revoked the authority of its agent at Hewbern, Horth Carolina, to whom the quarterly payments had been regularly made, in compliance with the requirement of the company, and with its approval during the existence of the policy, embracing the quarterly payment of five annual premiums, it was not the duty of the company to notify Mr. Barrow, who resided in the city of New York, at a great distance from Hewbern, where the premiums had always theretofore been paid, who was the known and acknowledged assignee and holder of the policy, and by whom the premiums had been paid, and were payable, as was known to the company, and to have informed him to whom and where payment of his premiums should thereafter be made, I held the aifirma *521 five of this pi’oposition, and now hold that' inasmuch, as it plainly appears from the record that Darrow was ready and desirous to pay the premiums as they were severally due and payable, and that he was only prevented by the fault and gross negligence of the company in failing to give him the aforesaid notice and information, the non-payment was not in default, and he is not liable to a forfeiture of the policy therefor. In support of this position I only propose now to cite two recent decisions of courts which are entitled to the most respectful consideration, and to which we had no access at the former hearing of this cause. One is the decision of the supreme court of Uortli Carolina in Braswell v. The American Life Ins. Co., 75 North Car. R. p. 8. It was held in that case that the obligation was on the company to notify the assured of the revocation of the authority of its agent to whom he had theretofore paid the premiums with the approval of the company. Chief Justice Pearson, in delivering the opinion of the whole court, said: “ The fact that the defendant had revoked the agency of Dealing and refused to furnish him with receipts * * * was a matter peculiarly within its own knowledge. We hold that the defendant was guilty of gross negligence, if not fraud, by failing to communicate to such of its assured as the hooks showed ivere in connection with Dealing, and wiio had been in the habit of sending him the money and getting a receipt in return.” The plea that the defendant, the plaintiff in error, was not informed of the residence of Darrow is not sustained. The assignment of the policy to him, which they acknowledged and approved by an endorsement thereon, was notice to them of his residence, and their agent had thereafter constant correspondence with him at his residence in the city of *522 Yew York, and the premiums were regularly remitted to him by Harrow from the city of Yew York, except one which was remitted to the home office, in the city of Richmond, and forwarded to'their agent, Carraway, at Yewbern, who receipted for it.
The other case supporting the doctrine is Insurance Co. v. Eggleston, decided by the supreme court of the United States as late as 1877, 96 United States R. p. 572. In that case the agent to whom payments of premiums had been made was removed without notice to the assured, who was not informed what agent held the receipt, to whom payment could be made, until after the day had passed. He then tendered payment to the agent, who refused to accept it unless a certificate of the insured’s health was furnished. The court held that the insured, in view of the company’s dealings with him, had reasonable cause to expect and rely on receiving notice where and to whom to pay the premium, and that the company was estopped from setting up that the policy was forfeited by the non-payment.
But if there was a forfeiture, was it waived ? The doctrine seems to be well settled that the company may waive the forfeiture; and that can only be done through its agent. Insurance Co. v. Norton, 96 U. S. R. p. 234; Geo. Home Ins. Co. v. Kinnier’s adm’x, 28 Gratt. p. 88. In this case we think it is clear that J. I. Hopkins, assistant secretary, was a general agent of the company, and had .power to make such an adjustment as is alleged by Harrow he made with his agent, H. M. Yan Cott, and thereby in effect released Harrow from any forfeiture, if it had been incurred. The fact of such an adjustment was a question for the jury under the instructions of the court. The court instructed the jury as to the law, to which instruction the defendant excepted, blit we think that the instruction, being in harmony with the letter and spirit of the prior decisions of this court, was right.
*523 The. jury found a verdict for the plaintiff, 'and the court overruled the defendant’s motion to set it aside and grant it a new trial, and gave judgment for the to which ruling of the court the defendant excepted, and the court certified the evidence; and the remaining question for our decision is, upon that certificate of evidence, did the court err in refusing a new trial ? The question as to the legality of the evidence is res adjudicate. It was decided by this court when the cause was here before, that the evidence was admissible and legal, and the cause was remanded to the court below with instructions to grant the plaintiff a new trial, and if the evidence w-as offered again to admit it; and this court could hardly be asked to reverse the judgment of the court below for obeying its instructions in admitting the evidence.
The only question, then, for the appellate tribunal is, did the court of trial err in refusing to set aside the verdict upon the ground that it is contrary to evidence ? I do not propose to review the testimony. As by the well-established rule of this court, in deciding this question we have to exclude from consideration the exceptant’s parol testimony and decide the case alone upon the testimony of the prevailing party, there is no room for debate as to what should be the decision of the court.
And I am of opinion to affirm the judgment of the circuit court.
Burks, J., concurred in the opinion of Anderson, J.
Christian, J., when the case was formerly before this court, was of opinion, and is so now, that there had been a forfeiture of the policy. On the record, as it is now before the court, he must concur in affirming the judgment.
Staples, J., was of the same opinion. On the first trial there had been error in excluding evidence, and for *524 that reason he concurred in reversing that judgment. Pot-011 this record it is a ease of conflicting testimony, he therefore concurs in affirming the judgment.
Moncure, P., concurred in affirming the judgment.
-Judgment aeeirmed.